**In the Matter of Jennifer J. AUGER, Respondent.**

**No. 41S00–1402–DI–120.**

Supreme Court of Indiana.

Sept. 2, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent Jennifer J. Auger and her husband, Michael R. Auger, practiced law together in a professional corporation known as Auger and Auger, P.C.[1] Michael and Jennifer also were associated in practice with Jennifer's father, Tom G. Jones. Jones was diagnosed with cancer in 2006 and died in 2007, contributing to Jennifer's failure to manage cases, including the one described below.

In 2005, a client hired Respondent's firm to represent her in a medical malpractice action against two providers. From the outset, Jennifer had primary responsibility for the case. Michael's responsibility was as a partner of the firm. In May 2006, Jennifer filed a proposed complaint with the Department of Insurance under the Medical Malpractice Act ("Act"). In June 2006, the Department of Insurance notified her that "Provider One" was not subject to the Act and that she had 90 days to file suit against Provider One. Neither Michael nor Jennifer filed a complaint against Provider One. Provider One filed a petition to dismiss in the Marion Superior Court ("Court Proceeding") due to failure to file suit within 90 days.

In June 2006, "Provider Two" served discovery requests on the firm. Jennifer has asserted that she sent the requests to the client but received no reply from her. No responses to the discovery requests were ever submitted. In February 2007, Provider Two moved to dismiss in the Court Proceeding for failure to respond to discovery and failure to prosecute.

On February 26, 2007, Michael entered an appearance in the Court Proceeding, and on April 9, 2007, he responded to the motion to dismiss and reported the firm's difficulty in handling cases. On May 17, 2007, the trial court dismissed the medical malpractice action against all defendants with prejudice. Neither Michael nor Jennifer notified the client of the dismissal at that time.

The client filed a grievance against Michael and Jennifer in August 2009. In September 2009, Michael and Jennifer jointly notified the client of the dismissal

---

1. Michael is a respondent in Cause No. 41S00–1402–DI–131. He and the Commission have tendered a conditional agreement to resolve that action with an agreed public reprimand, which is accepted on this date by separate order.

of the case and acknowledged neglecting the client's case.

*Mitigating facts.* The parties cite the following facts in mitigation: (1) Respondent has no prior discipline; (2) Respondent has admitted the factual allegations that pertain to her; (3) Respondent has expressed remorse to the client; (4) after Respondent and Michael directed the client to contact their malpractice insurance carrier, the client made a successful claim against the carrier; and (5) Respondent's failure to fulfill the litigation of her client was due in substantial part to depression she suffered in dealing with her father's illness. (She does not claim depression as an excuse, but rather to explain the actions.)

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.16(a)(2): Representation of a client when the lawyer's physical or mental condition materially impairs the lawyer's ability to do so.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

1. Jennifer is a respondent in Cause No. 41S00–1402–DI–120. She and the Commis-

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.